# Morris, Appellant, *v.* Philadephia Rapid Transit Company.

*Appeals—Assignments of error—Failure to print statement—Paper-book.*

A failure to print the statement of claim in an appellant's paper-book is a violation of the rules of court.

Where on an appeal in an accident case it is practically admitted that the cause of action declared on was not proved, the appellate court will not consider other circumstances alleged as negligence.

Argued March 28, 1906. Appeal, No. 156, Jan. T., 1905, by plaintiff, from judgment of C. P. No. 5, Phila. Co., March T., 1904, No. 2,752, on verdict for defendant in case of Thomas Morris, by his next friend and mother Margaret T. Morris, v. The Philadelphia Rapid Transit Company. Before MITCHELL, C. J., FELL, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The statement of claim was not printed in the appellant's paper-book.

From a portion of the statement printed in the appellee's paper-book, it appeared that the only negligence charged on the defendant company was a " dangerously high rate of speed." There was no evidence to support this except the plaintiff's own testimony that " the car was going pretty fast; shaking from one side to another." In the argument in the Supreme Court the negligence alleged was that the conductor was neg-

ligent in permitting a boy under fourteen years of age to ride on the front platform of a car.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was the action of the court in giving binding instructions for defendant.

*J. H. Brinton,* for appellant.

*Thomas Leaming,* with him *Charles Biddle,* for appellee.

PER CURIAM, May 14, 1906:

This appeal might well be dismissed for disregard of the rules of court.   The plaintiff's statement is not printed as the rules require, and the omission is all the more material because it is claimed by the appellee that the case is argued here on entirely different ground from that urged in the court below.

But as it is practically admitted that the cause of action declared on was not proved, we need go no further.   The learned judge was right in directing a verdict for the defendant.

Judgment affirmed.